IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>DERRICK DAVID JONES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br><br><br>Case No. 2:01-CR-832 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. Because Defendant is proceeding pro se, the Courts review his filing liberally.[1]

## I. BACKGROUND

On February 28, 2002, Defendant pleaded guilty to Possession of a Stolen Firearm. On May 2, 2002, Defendant was sentenced to 37 months custody, followed by 36 months supervised release. Judgment was entered on May 6, 2002. Defendant was released

---

[1]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

from the custody of the Bureau of Prisons in February 2006, and began his 36-month term of supervised release.

On November 19, 2007, Defendant was found in violation of the terms of his supervised release and was sentenced to an additional 24 months supervised release, including a period of home confinement.

## II.   DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate a term of supervised release prior to completion of the entire term if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[2]  In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[3]

The government was notified of the Motion, has had a reasonable opportunity to object, and has not filed an objection.  Accordingly, no hearing is required.[4]

The Court has reviewed the docket and case file, has consulted with Defendant's supervising probation officer, and reviewed Defendant's supervision history.  Having considered Defendant's history on supervised release, the circumstances of the violation

---

[2]18 U.S.C. § 3583(e).

[3]*Id*. at § 3583(e) (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

[4]Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so").

of his original term of supervised release, and the applicable § 3553(a) factors, the Court

finds that early termination of Defendant's remaining term of supervised release is neither

warranted by the conduct of the offender nor in the interest of justice at this time.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release

(Docket No. 43) is DENIED.

DATED this 16th day of March, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge